**Application of Stanley Norris BALCH for Reinstatement to Membership in the Oklahoma Bar Association.**

**S. C. B. D. No. 2335.**

Supreme Court of Oklahoma.

March 6, 1973.

Paul M. Vassar, General Counsel, Oklahoma Bar Association, Chandler, for Board of Governors Oklahoma Bar Association.

O. B. Martin, Oklahoma City, for applicant Stanley Norris Balch.

IRWIN, Justice:

The Board of Governors of the Oklahoma Bar Association in its Report and Recommendation to this Court concerning the above application for reinstatement found that applicant (a) had not undergone rehabilitation, (b) had engaged in the unauthorized practice of law, (c) does not possess the moral qualifications required for the admission to the practice of law, and (c) should not be reinstated to the practice of law.

Based upon those findings the Board recommended that the application of Stanley Norris Balch for reinstatement to the practice of law be denied.

The record discloses that applicant took the June, 1965, Bar Examination and was admitted to the practice of law on August 3, 1965; and that thereafter information was received that applicant's answers to two essay questions on the bar examination were identical answers to those of another examinee, a Mr. A.B. This fact was brought to the attention of applicant and on September 8, 1965, applicant submitted

his resignation stating that he felt he should terminate his "relationship at this time due to other personal and professional activities and involvements".

On September 16, 1965, the Executive Council of the Oklahoma Bar Association found there was no evidence of any improper conduct on the part of Mr. A.B.

On September 28, 1965, counsel for the Oklahoma Bar Association mailed to applicant the Rules Creating and Controlling the Oklahoma Bar Association. Counsel also advised applicant that in view of his resignation, he wanted applicant to be fully aware of the consequences of his submitting his resignation and requested applicant to either ratify or request withdrawal of his resignation. Applicant responded and stated that if after investigation "you still feel that my integrity is in question, please file my resignation." Again, counsel for the Bar Association advised applicant of the seriousness of his resignation. On November 5, 1965, applicant advised counsel for the Bar Association that he wanted his resignation accepted.

On November 11, 1965, applicant's resignation was accepted and in May, 1972, applicant filed his application for reinstatement.

At the hearing before the General Counsel of the Oklahoma Bar Association on July 21, 1972, applicant testified that he was not guilty of any misconduct in taking the June, 1965, Bar Examination; and that during the investigation of the alleged misconduct, he submitted an affidavit denying any misconduct on his part.

Zerox copies of the typewritten answers of examinee, Mr. A.B., and applicant are in the record. A part of one of the answers of Mr. A.B. is as follows:

"'D's' motion to strike is overruled. Ordinarily Plaintiff's reply to Defendant's answer can only respond to the answer by way of admissions and denials plus pleading any new matter that arises as a result of the pleadings in the answer. Technically the allegation that the judgment was unpaid does not represent new matter and it should have been pleaded in the petition. * * *."

The following appears in the typed answer of applicant to the same question:

"D's motion to strike is overruled. Ordinarily Plaintiff's reply to Defendant's answer can only respond to the answer by way of admissions and denials plus pleading any new matter that arises as a result of the pleadings in the answer. Technically the allegation that the judgment was unpaid does not represent new matter and it should have been pleaded in the petition * * *."

It is to be noted that the words "new matter" are used twice in both answers and the language "that arises as a result of the pleadings in the answer" follows the first time the words "new matter" are used. The "X'ed out" portion of applicant's answer follows the second time the words "new matter" are used. An examination of the "X'ed out" portion discloses that the language "that arises as a result of the pleadings" is "X'ed out". In our opinion, the above facts constitute very convincing circumstantial evidence that applicant had copied from the examination paper of Mr. A.B.

Applicant was given the chance to explain his position at the hearing on his reinstatement. In a letter addressed to the General Counsel of the Oklahoma Bar Association, submitted after applicant had filed his application for reinstatement and introduced as an exhibit, the former wife of Mr. A.B., who also took the June 1965, Bar Examination stated: "* * * it is my recollection that on one set of answers, Mr. Balch inadvertently started copying the wrong line from Andy's (Mr. A.B.'s) paper, "X'ed out" the line, and then continued to copy, thus making it obvious who copied whom." Also, other language in the letter and in an affidavit submitted by the former Mrs. A.B. tend to establish that applicant had copied from the examination paper of Mr. A.B.

The General Counsel submitted the letter and affidavit of the former Mrs. A.B. to

applicant and asked if he would care to make any comment on them and applicant said that he would not.

Applicant argues that since he positively testified under oath that he was not guilty of any misconduct and that no witness appeared and testified that he was guilty of misconduct, the case of the Bar Association to establish his misconduct is purely circumstantial and would not, as a matter of law, be sufficient to overcome his prima facie case in his direct and sworn testimony that he was not guilty of any misconduct.

██ The above argument misconstrues the type of proceedings involved. In a contested disciplinary proceeding against an attorney, to warrant a finding of misconduct, the charge or charges must be established by the preponderance of the evidence. See Article X, § 14(a), of the Rules Creating and Controlling the Oklahoma Bar Association. This is not a disciplinary proceeding against an attorney but a consideration of an application for reinstatement of a former member of the bar who resigned from the Oklahoma Bar Association pending an investigation of his purported misconduct.

Article X, § 18(h) of the Rules Creating and Controlling the Oklahoma Bar Association provides that if an applicant for reinstatement has been disbarred or suspended, or has resigned pending disciplinary proceedings or investigation he shall establish affirmatively that he has been rehabilitated.

Applicant submitted his resignation pending an investigation concerning his purported misconduct. The factual circumstances were such to warrant the investigation. Applicant was given every opportunity to adequately explain his position concerning his purported misconduct before his resignation was accepted. This he did not do.

██ In the reinstatement proceedings when applicant took the position that he was not guilty of any misconduct, the burden was not upon the Bar Association to prove that applicant was guilty of misconduct but the burden was upon applicant to prove that he was not guilty of any misconduct. The record will not support a finding that applicant sustained this burden of proof.

██ When a lawyer has resigned pending an investigation of his purported misconduct which would form the grounds for disciplinary proceedings, and on hearing his application for reinstatement fails to prove he was not guilty of the purported misconduct; or in the absence of such proof, is unwilling to recognize the reason or reasons why he resigned from the Bar Association in the first place, such attorney has not established affirmatively that he has been rehabilitated. Applicant's vocation does not relax or suspend this rule.

We approve the findings of the Board of Governors that applicant has not undergone rehabilitation. Having made this determination it is unnecessary to consider or determine whether applicant has engaged in the unlawful practice of law or possesses the moral qualifications required for admission.

Recommendation of the Board of Governors that Stanley Norris Balch not be reinstated to the practice of law approved.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, BARNES and DOOLIN, JJ., concur.